SCHERGEN, Respondent, v. BAERVELDT CON-
STRUCTION COMPANY, Appellant.

**St. Louis Court of Appeals, November 15, 1904.**

1. **JUSTICE OF THE PEACE: Pleadings.** Formal pleadings·are
not required in an action before a justice of the peace, and in
the absence of a specific answer on the part of the defendant,
a general denial is presumed.

2. **PRACTICE: Instructions: Foreign Issues.** Instructions which
bring into the case issues foreign to the pleadings, and instruc-
tions which emphasize matters not in the evidence, are properly
refused.

3. ———: **Excessive Verdict: Prejudice.** An excessive verdict is
not conclusive of prejudice on the part of the jury, and will
not necessarily cause a reversal where the successful party has
remitted so as to reduce the amount recovered below what the
evidence supported.

Appeal from St. Louis City Circuit Court.—*Hon. R. M.
Foster,* Judge.

AFFIRMED.

*Charles L. Moss* for appellant.

*Kinealy & Kinealy* for respondent.

REYBURN, J.—After appeal from justice's court,
this case proceeded to trial before a jury in the St.
Louis circuit court, terminating in a verdict for plain-
tiff in sum of $115, which in obedience to order of the
court was remitted to $65, and defendant has appealed.

In statement of his cause of action, plaintiff nar-
rated that in May, 1901, he contracted with the defend-
ant corporation to perform the plastering in a dwelling
described, and in due time, about June 11, entered on
the performance of such contract, prepared and pro-

cured materials and laborers therefor, and was at all times thereafter prepared, ready and willing to fully perform the contract on his part, but defendant, without just cause or excuse, refused to permit him to perform the contract and declared it rescinded, to his damage in loss of materials, labor and profits.

In defense defendant, admitting the contract, alleged that it was particularly and specially understood between the parties that plaintiff was to do the work contracted for, when ordered and without delay; that he was given to understand at time of entering into the contract that he was to perform it promptly when requested so to do, and that his failure would result in delaying all other work, that with knowledge of such facts and having agreed to do the work promptly when ordered, he refused and neglected to proceed upon its execution when directed, and put defendant's officers to great annoyance, incurring loss of their time and expense in their repeated efforts to get plaintiff to commence and perform the work to defendant's damage in the sum of $50. As a further counterclaim, defendant charged, that by reason of the neglect and refusal of plaintiff to do the work at the time it should have been done, defendant was compelled to have it performed by other parties paying the latter $40 more than its contract price with plaintiff, for which sum judgment was asked. These completed the pleadings in the case; but the trial proceeded as if a general denial in reply had been filed, and in this the trial court did not err; for in any event in such class of actions originating before a justice, formal pleadings in writing are not imperative and a general denial is presumed in absence of specific answer or reply. Upon testimony involving substantial contradictions, the case was submitted to the jury upon two instructions, presenting in unobjectionable form the opposite theories of the respective parties as depicted in their complaint,

answer and counterclaims, the court refusing lengthy instructions prayed by defendant.

While defendant concedes the rejected instructions considered separately were insufficient; yet collectively it is urged, they would have properly advised the jury. The first instruction required plaintiff to have the work performed at such time as would not delay completion of the house, which was a variance and departure from defendant's answer and proof. The second instruction in general terms, presented the carelessness of plaintiff to the jury for consideration and required it to find whether the prompt completion of the house was endangered, also a false and foreign issue. The third instruction directed that the defendant had the right to expect of plaintiff a prompt and strict performance of his duty, and is otherwise defective. The final instructions constituted mere delay, whether justified or inexcusable, and irrespective of its occasion, a ground of recovery by defendant, emphasizing matters not in evidence and sought to exclude elements properly to be considered in computing plaintiff's damages, if any had been sustained. Nor is the excessive amount of the verdict conclusive of prejudice of the jury; the error was rectified by the abatement enforced and the amount of recovery permitted reduced to a sum below what the evidence would have justified and supported; it is not the province of an appellate court to weigh the evidence or determine the credibility of the testimony.

Judgment affirmed. All concur.